Helen L. Eaton
vs. }No.46732
Arthur J. Follett, C. T.
April 13, 1926.

CARPENTER, J. The above case was tried at Woonsocket on October 30 and November 2, 1925. The jury returned a verdict for the plaintiff for $4000.

The defendant, on November 7, 1925, filed a motion for a new trial alleging:

1. Said verdict is against the evidence;

2. Said verdict is against the law;

3. Said verdict is against the law and the evidence and the weight thereof;

4. Said verdict awarded plaintiff is excessive;

5. The defendant has discovered new and material evidence which could not by the exercise of diligence have been discovered prior to trial or during trial.

It appeared from the evidence that in the year 1919 the proper authorities of the City of Woonsocket considered it advisable and necessary to remove certain trees located on Snow street in Woonsocket. The city authorities thereupon entered into a contract with Charles W. Morey, a man experienced in that line of work, to remove the trees. It appeared that the trees were located on or near the sidewalk.

The trees were not removed until early in the fall of 1919. In removing the trees the covering of an old forgotten cistern located under the sidewalk was disturbed. On the night of October 16, 1919, the plaintiff, a large woman, 48 years of age, while walking along and over the sidewalk in question, suddenly and without warning broke through the covering of the cistern and fell into the hole or cistern. She testified that she put out her hands and held herself until aid came, and while holding herself

her feet did not touch the bottom. Friends came along and raised the plaintiff out of the hole.

The evidence showed without contradiction that the removal of the trees was done not only with the knowledge of the city but with its sanction. The evidence also showed without contradiction that the hole was there and that the removing of the trees had disturbed the covering. Therefore, as to liability, the only question for the jury to decide was whether or not the city, with the exercise of due care, should have discovered it.

There was evidence tending to show that the city, by its servants or agents, had actual knowledge of the existence of the hole. A Mrs. Delima Proulx testified that the hole was shown to her by Mr. Morey, the contractor, but this Mr. Morey denied.

As to the liability of the city, the court believes, from all the evidence, the nature of the excavation or cistern, and other circumstances, that the jury were entirely justified in finding that the city should have, by the exercise of due care, discovered the presence of the cistern, and that the city was negligent in allowing the condition of the covering to remain unrepaired or unprotected.

As to the amount of damages allowed by the jury, the evidence showed that the defendant sustained many bruises on her body, and that after a time it was necessary to undergo a surgical operation to remove a tumor caused by the injury. The operation was performed in April, 1920. The plaintiff suffered internal pain for a long time because of bruises.

The evidence showed a loss in dollars and cents of $1418.00. Considering all the circumstances in the case, the Court feels that the jury were entirely justified in awarding $4000, the amount of the verdict.

Motion for new trial denied.

For plaintiff:   James H. Rickard, Jr.

For defendant:  E. J. Daignault and J. J. Mee.